# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6846 | **DATE** | January 24, 2012 |
| **CASE TITLE** | Assenato vs. Target Corp. | | |

**DOCKET ENTRY TEXT**

For the reasons stated in the Statement section of this order, Defendant Target Corp.'s "Motion to Dismiss Count II of the Complaint" [8] is denied. Defendant is ordered to answer Count II of the complaint by Feb. 3, 2012. Counsel are to confer pursuant to Rule 26(f) and jointly file a Form 52 on or before Feb. 17, 2012. The case is set for status and the entry of scheduling order at 9:00 AM on February 23, 2012. The parties are encouraged to discuss settlement.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Before the court is Defendant Target Corp.'s "Motion to Dismiss Count II of the Complaint." (Dkt. No. 8 (Def.'s Mot.).) For the reasons stated below, the motion is denied.

The instant case is before this court after having been removed from the Circuit Court of Cook County by Target on the basis of diversity jurisdiction.[1] Plaintiffs Marlena Assenato and her husband, Michael Assenato (collectively, "Plaintiffs") brought a three-count complaint against Target and an unknown employee seeking to recover for negligence and for Michael Assenato's loss of consortium. (Dkt. No. 1, Ex. A (Pls.' Compl.).) The complaint alleges that Marlena Assenato ("Marlena") was shopping at the Target store at 1154 S. Clark St. in Chicago on July 28, 2010, when she was struck by merchandise that fell from the shelves, injuring her back and neck. (Pls.' Compl., Count II, ¶¶1, 3,7.[2]) At issue here is the sufficiency of Count II of Plaintiffs' complaint, which pleads negligence under a theory of res ipsa loquitur.

In Count II, Plaintiffs assert that the merchandise at issue fell from the shelves and struck her when an unknown Target employee walked by the merchandise. (Pls.' Compl., Count II, ¶ 7.) They allege that Target had exclusive control over the shelving, stacking or arranging of merchandise on display. (*Id.* ¶ 8.) Plaintiffs assert that Target had the duty to exercise reasonable care in maintaining the premises, and in particular stacking the merchandise, to provide an area that was safe for customers. (*Id.* ¶ 9.) They contend that the premises were under the exclusive control of Target, and that the type of accident that occurred here does not ordinarily occur in the absence of negligence. (*Id.* ¶ 10.)

Target moves to dismiss under Fed. R. Civ. P. 12(b)(6), contending that Plaintiffs have failed to plead adequately the required elements for res ipsa loquitur. Under Illinois law, which governs in this diversity dispute, a plaintiff invoking res ipsa must plead and prove that she was injured: (1) in an occurrence that ordinarily does not happen in the absence of negligence; (2) by an agency or instrumentality that was within the defendant's exclusive control. *Heastie v. Roberts*, 877 N.E.2d 1064, 1076 (Ill. 2007). (Def.'s Mot. 3.) In their response, Plaintiffs contend their pleading of the res ipsa theory is adequate, and that its use is appropriate because merchandise does not ordinarily fall from the shelves when a store employee walks by in

**STATEMENT**

the absence of negligence. (Pls.' Resp. 2.) They also contend that the idea of exclusive control is somewhat flexible, with "the key question [being] whether the probable cause is one which defendant was under a duty to the plaintiff to anticipate or guard against." *Menards, Inc. v. Countryside Industries, Inc.*, 01 C 7142, 2004 WL 1336380, at *5 (N.D. Ill. June 14, 2004).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, accepted as true, "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint's factual allegations need not be detailed, they must provide more than "labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level." *Ruiz v. Kinsella*, 770 F. Supp. 2d 936, 941–42 (N.D. Ill. 2011) (citing *Twombly*, 550 U.S. at 555). In ruling on such a motion, the question is whether the facts, accepted as true, "present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010).

Res ipsa loquitur is a type of circumstantial evidence that permits a trier of fact to infer negligence when the plaintiff does not know the cause of her injury. *Shadley v. WWS Inns, Inc.*, No. 02 C 50138, 2002 WL 1611651, at *1 (N.D. Ill. July 18, 2002). It "applies only when the facts proved by the plaintiff admit of the single inference that the accident would not have happened unless the defendant had been negligent." *Britton v. Univ. of Chi. Hosps.*, 889 N.E.2d 706, 709 (Ill. App. Ct. 2008).

The issue of whether a plaintiff may invoke this theory is a question of law to be resolved by the court. *Shadley*, 2002 WL 1611651. However, because res ipsa loquitur is a rule of evidence, and not a cause of action, a plaintiff need not plead the elements of res ipsa in her complaint in order to use it at trial. *See Tamura, Inc. v. Sanyo Elec., Inc.*, 636 F. Supp. 1065, 1068 (N.D. Ill. 1986), *overruled on other grounds by Bartholet v. Reishauer A.G.,* 953 F.2d 1073 (7th Cir. 1992).

Target contends the res ipsa allegations in Count II are conclusory, and particularly takes issue with the allegation that the merchandise that fell on Marlena was within its exclusive control. (Def.'s Mot. 4.) Target relies in part on *Reddick v. Dillard's Inc.*, No. 08-844-CJP, 2010 WL 1752555 (S.D. Ill. April 30, 2010), in which the plaintiff tripped over a footstool in a shoe department. Ruling on summary judgment, the court in *Reddick* found the res ipsa loquitur theory inapplicable because store employees testified that they had observed customers and children moving the stools. *Id.* at *3. The court held, "In a high-traffic, public area such as the shoe department, where there is causal uncertainty, the doctrine of res ipsa loquitur is inapplicable." *Id.*

Target also cites *Tackett v. Wal-Mart Stores East, Inc.*, No. 1:05-cv-560, 2007 WL 2668133 (S.D. Ohio Sept. 6, 2007). There, also ruling on summary judgment, the court held that a plaintiff who was struck by a boxed bicycle that fell from a display could not rely on the doctrine of res ipsa loquitur. *Id.* at *4. The accident occurred on the busiest shopping day of the year, at the busiest time of day, and several customers had touched or moved the boxes. *Id.* Because of this, the plaintiff failed to establish that the stacked bicycles were in the exclusive control of the store at the time of the incident, so the doctrine of res ipsa loquitur did not apply. *Id.*

Counsel have not cited any Illinois cases directly on point, and the court has not found any, at least of recent vintage. *See Anderson v. Marshall Field & Co.*, 166 N.E.2d 451 (Ill. App. Ct. 1960) (holding jury was justified in finding against store on a res ipsa theory when the store did not rebut plaintiff's testimony that a bolt of material fell from a counter and struck her through no fault of her own). However, the court notes that, contrary to Target's argument, there does not appear to be a hard-and-fast rule that retail stores do not have exclusive control over the merchandise on their shelves.

For example, in *Durso v. Wal-Mart Stores, Inc*., 705 N.Y.S.2d 157, 158 (N.Y. App. Div. 2000) a New York state appellate court affirmed a negligence verdict based on res ipsa where boxes fell from an overhead riser at defendant's store. The boxes were stacked four feet high on a riser six feet off the floor, and a special ladder was used by employees to access the merchandise. *Id.* Given this, the court rejected the defendant's argument that the merchandise was not within the exclusive control of the store. *Id.* Similarly, in *Norris v.*

**STATEMENT**

*Ross Stores, Inc.*, 859 A.2d 266, 271–72 (Md. Ct. Spec. App. 2004), the court rejected the defendant's argument that a shelving unit that collapsed was not within its exclusive control merely because it was in an area of the store open to the public. The *Norris* court noted the plaintiff stated that she had not touched the shelving unit, nor were any other customers in that area of the store at the time. *Id.* at 272. Given that there was no proof that third parties had tampered with the shelving unit, and given that the defendant store had installed the unit and stocked its shelves, the court found the plaintiff had raised a factual question for the jury. *Id.*

By contrast, when it is clear that it is just as likely that the actions of other shoppers caused the merchandise to fall as it is that the store was at fault, the use of a res ipsa loquitur theory is inappropriate. *Brooks v. Tuesday Morning, Inc. Co.*, 745 So.2d 161, 165–66 (La. App. Ct. 1999); *see also Aderhold v. Lowe's Home Centers, Inc.*, 643 S.E.2d 811, 813 (Ga. Ct. App. 2007) (disallowing a res ipsa claim where the uncontroverted evidence was that the item was within reach of other customers).

These cases, taken as a whole, illustrate that factual issues, such as the presence of other customers, the height of the shelving, whether the plaintiff touched the merchandise, etc., play a large role in determining the applicability of a res ipsa theory. At this stage of the case, none of these facts are known, and the court finds it premature to make such a determination at the outset of the case without further factual development. To the extent that Target argues Plaintiffs were required to plead additional facts at this stage of the case, the court disagrees. Federal courts require notice pleading of a claim stated with factual plausibility, and Plaintiffs' complaint is sufficient to give Target fair notice of the claim and the plausible grounds upon which it rests. *See Swanson*, 614 F.3d at 404–05. Nor have Plaintiffs plead themselves out of court by pleading facts that are wholly inconsistent with a res ipsa theory.

As such, Target's motion to dismiss Count II is denied. A determination of the applicability of a res ipsa theory awaits further factual development, most likely at the summary judgment stage. Defendant is ordered to answer Count II of the complaint by Feb. 3, 2012. Counsel are to confer pursuant to Rule 26(f) and jointly file a Form 52 on or before Feb. 17, 2012. The case is set for status and the entry of scheduling order at 9:00 AM on February 23, 2012. The parties are encouraged to discuss settlement.

*James F. Holderman*

---

1. Defendant's notice of removal (Dkt. No. 1) demonstrates that Target, a Minnesota corporation, and the Plaintiffs, citizens of Illinois, are of diverse citizenship. It also demonstrates that the amount in controversy is in excess of $75,000. Although Defendant does not address the issue, the presence of an unknown employee defendant does not destroy diversity in this removal action. *See* 28 U.S.C. § 1441(a), providing that "For the purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

2. Each count in Plaintiffs' complaint is numbered separately, rather than consecutively, which would aid in clarity.